**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

LAWRENCE RIVERS, III,

      Plaintiff,

      v.

THE CITY OF BLOOMINGDALE ; and
ASHTON TATUM,

      Defendants.

CIVIL ACTION NO.: 4:26-cv-74

**O R D E R**

This matter is before the Court on Plaintiff's Motion to Remand.  (Doc. 11.)  For the reasons set forth below, the Court **GRANTS** the Motion and **REMANDS** this case to the Superior Court of Chatham County, Georgia.

On or about January 28, 2026, Plaintiff filed his initial complaint initiating this action against Defendants in the Superior Court of Chatham County, Georgia.  (Doc. 1-1.)  Plaintiff's initial complaint included a claim against Defendants pursuant to 42 U.S.C. § 1983.  (See id. at pp. 6, 10.)  Defendants removed the case to this Court on March 19, 2026, based on federal question jurisdiction.  (Doc. 1, p. 1 ("[T]his action is removable based upon federal question jurisdiction. 28 U.S.C. §§ 1331, 1441(a).  Specifically, Plaintiff contends that Defendants the City of Bloomingdale and Ashton Tatum violated his rights under the United States Constitution.").)

Shortly after removing the case, both Defendants filed motions to dismiss.  (Docs. 7 & 8.)  Plaintiff then filed an Amended Complaint, dropping his federal claims.  (Doc. 10.)  He also filed

a Motion to Remand, urging that the case be remanded due to his dismissal of the federal law claims and the fact that only state law claims remained pending in the case. (Doc. 11.) While Defendants filed motions to dismiss as to the Amended Complaint, they also filed a Joint Response to the Motion to Remand, acknowledging that all four of the counts asserted in Plaintiff's Amended Complaint arise under Georgia law and that the Amended Complaint "removes all claims arising under federal law." (Doc. 15, p. 1.) In their Joint Response, Defendants also state that they "do not oppose Plaintiff's motion to remand this case to the Superior Court of Chatham County." (Id. at p. 2.)

> The United States Supreme Court has recently held—explicitly and unequivocally—that
>
> [w]hen a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says. If (as here) the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves. With the loss of federal-question jurisdiction, the court loses as well its supplemental jurisdiction over the state claims.

Royal Canin U. S. A., Inc. v. Wullschleger, 604 U.S. 22, 30 (2025). Accordingly, as a result of Plaintiff's amendment of his complaint to only assert state law claims, this Court's "power to decide the dispute" has "dissolve[d]."[1] Id.

Given the lack of subject matter jurisdiction, the Court **GRANTS** Plaintiff's Motion to Remand, (doc. 11), and **DIRECTS** the Clerk of Court to **REMAND** this case to the Superior Court of Chatham County, Georgia, for further proceedings. Following remand, the Clerk of Court is

---

[1] Given that Plaintiff claims to be a citizen of Georgia and that the City of Bloomingdale is a Georgia municipal corporation, there appears to be no basis for diversity jurisdiction. (See doc. 1-1, pp. 1–2; doc. 10, p. 1.)

**DIRECTED** to **TERMINATE** all pending motions, (docs. 7, 8, 11, 12, 13 & 14), and to **CLOSE**

this case.

        **SO ORDERED**, this 25th day of June, 2026.

_____

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA